UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRLEY ADRIANA BAUTISTA PICO, et al.,<br><br>Petitioners,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Respondents. | Case No. 25-cv-08002-JST<br><br>**ORDER EXTENDING TEMPORARY RESTRAINING ORDER AND CONTINUING PRELIMINARY INJUNCTION HEARING**<br><br>Re: ECF No. 5 |

Respondents are currently subject to a temporary restraining order ("TRO") that enjoins them "from re-detaining each Petitioner without notice and a pre-deprivation hearing before a neutral decisionmaker, and from removing each Petitioner from the United States." ECF No. 5 at 7–8. The TRO is set to expire on October 3, 2025. *Id.*

The Court has become aware of a putative class action pending before another court in this district, *Pablo Sequen v. Kaiser*, No. 25-cv-6487-PCP, in which Petitioners appear to be members of the putative class. The petitioner-plaintiffs in that case seek to represent a class of "[a]ll persons who have a court hearing in a proceeding on EOIR's non-detained docket in an immigration courthouse in ICE's San Francisco Field Office Area of Responsibility." *Pablo Sequen*, ECF No. 32 ¶ 170. Counsel have stated an intent to request preliminary relief, *Pablo Sequen*, ECF No. 33 at 9, but such a motion has not yet been filed.

Although it is not clear whether the preliminary relief sought on behalf of the putative class would encompass the relief sought here, the *Pablo Sequen* court is today conducting a preliminary injunction hearing as to two individual petitioner-plaintiffs in that case that seeks the same preliminary relief as Petitioners seek in this case. *Pablo Sequen*, ECF No. 36 at 8. The Court is also aware of another case in which Respondents have presented many of the same arguments

against preliminary injunctive relief sought by petitioners who are similarly situated to Petitioners here. *See Cordero Pelico v. Kaiser*, No. 25-cv-7286-EMC, ECF No. 29 (supplemental brief by the government following preliminary injunction hearing). The temporary restraining order in that case is set to expire on Friday. *Cordero Pelico*, ECF No. 28.

Rule 65 of the Federal Rules of Civil Procedure allows a court to extend a TRO issued without notice for up to 14 days "for good cause" or if "the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). To allow the parties and the Court the opportunity to consider the forthcoming preliminary injunction rulings in *Pablo Sequen* and *Cordero Pelico*, and for the parties to consider the impact, if any, of the *Pablo Sequen* putative class action, the Court finds good cause to extend the TRO for the allowed 14-day period, until October 17, 2025, at 4:40 p.m.

The preliminary injunction hearing is continued to October 14, 2025, at 1:00 p.m. If the government agrees to continue the TRO beyond October 17, the Court is amenable to granting a stipulated request for further continuance of the preliminary injunction hearing.

As they prepare for the hearing, the parties are advised that the Court is likely to rely on *Valencia Zapata v. Kaiser*, No. 25-cv-7492-RFL, 2025 WL 2741654 (N.D. Cal. Sept. 26, 2025), and *Acosta Roa v. Albarran*, No. 25-cv-7802-RS, 2025 WL 2732923 (N.D. Cal. Sept. 25, 2025), in addition to considering any rulings by the *Pablo Sequen* and *Cordero Pelico* courts. The parties shall be prepared to explain whether there are any factual differences that materially distinguish those cases from this one.

**IT IS SO ORDERED.**

Dated: September 30, 2025

_____
JON S. TIGAR
United States District Judge