UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRLEY ADRIANA BAUTISTA PICO, et al.,<br><br>Petitioners,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Respondents. | Case No. 25-cv-08002-JST<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION** |

The general duty judge previously granted Petitioners' motion for a temporary restraining order and ordered Respondents to show cause as to why a preliminary injunction should not issue. *Bautista Pico v. Albarran*, No. 25-cv-8002-JST (JSC), 2025 WL 2689860 (N.D. Cal. Sept. 19, 2025) (ECF No. 5, granting ECF No. 3). Having considered the parties' arguments in response to the order to show cause, the Court will now issue a preliminary injunction.

I.   **BACKGROUND**

Petitioners Mirley Adriana Bautista Pico, Bingbing Mei, Heriberto Mosquera Sanchez, Marlon Antonio Sieza Mendoza, and Harbans Singh each fled their home countries and entered the United States between December 2023 and April 2024. They were each apprehended at the border and released into the community. Each has applied for asylum, withholding of removal, and protection under the Convention Against Torture. Each has complied with all ICE and immigration court obligations to date, and none has a criminal history.

Petitioners attended in-person hearings before an immigration judge in San Francisco on September 19, 2025. The immigration judge denied the government's oral motions to dismiss Petitioners' cases, gave Petitioners time to respond to the motions, and set the cases for further hearing on December 12, 2025. United States Department of Homeland Security ("DHS") agents

1   arrested Petitioners after they left the courtroom but before they left the courthouse.

2       Petitioners filed this petition for writ of habeas corpus shortly after their arrests and
3   concurrently filed a motion for a temporary restraining order. The petition asserts claims for
4   violations of procedural and substantive due process. Respondents, all named in their official
5   capacities, are Sergio Albarran, Field Office Director, San Francisco Immigration and Customs
6   Enforcement Office; Todd Lyons, Acting Director, United States Immigration and Customs
7   Enforcement; Kristi Noem, Secretary, DHS; and Pamela Bondi, Attorney General of the United
8   States.

9       The general duty judge granted Petitioners' motion for a temporary restraining order and
10  ordered Respondents to show cause as to why a preliminary injunction should not issue. 2025 WL
11  2689860. The government complied with that order and released all Petitioners from custody.
12  ECF No. 6. It also filed a timely response to the order to show cause, ECF No. 8, and Petitioners
13  filed a timely reply, ECF No. 9.

14      Following a lapse in government appropriations, this case was stayed by the parties'
15  agreement, with the temporary restraining order remaining in effect until three days after the
16  preliminary injunction hearing. ECF No. 12 at 4. Appropriations were restored on November 12,
17  2025, and the Court granted the parties' request to resolve Petitioners' request for preliminary
18  injunctive relief without a hearing. ECF No. 14. The Court also extended the temporary
19  restraining order until December 9, 2025. *Id.*

20  **II.  JURISDICTION**

21      The Court has jurisdiction under 28 U.S.C. § 1331.

22  **III. LEGAL STANDARD**

23      Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear
24  showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7,
25  22 (2008). To obtain a preliminary injunction, the moving party "must establish that [they are]
26  likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of
27  preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the
28  public interest." *Id.* at 20. A court may "balance the elements" of this test, "so long as a certain

threshold showing is made on each factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam). Thus, for example, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (citation modified).

## IV.    DISCUSSION

As an initial matter, Respondents state in a footnote that they "reserve their right to move to sever the petition" on grounds that the petition "joins five separate petitioners with separate sets of underlying factual circumstances in a single habeas petition." ECF No. 8 at 19 n.6. "Arguments raised only in footnotes, or only on reply, are generally deemed waived." *Est. of Saunders v. Comm'r*, 745 F.3d 953, 962 n.8 (9th Cir. 2014). Moreover, Respondents have not filed a motion to sever, nor have they argued that denial of preliminary injunctive relief would be the appropriate remedy even if Petitioners' claims were improperly joined. The Court therefore proceeds to consider the merits of a preliminary injunction.

Respondents argue that Petitioners cannot show a likelihood of success on the merits because, even though Petitioners were released under 8 U.S.C. § 1226(a), they are subject to mandatory detention under 8 U.S.C. § 1225(b). They also argue that Petitioners cannot establish irreparable harm, and that the balance of equities and the public interest do not weigh in favor of injunctive relief; these latter arguments, however, are based largely on Respondents' belief that Petitioners cannot show a likelihood of success on the merits.

Every court in this district to have considered these questions has granted preliminary injunctive relief to similarly situated petitioners, concluding that: (1) Section 1225(b) does not apply to the petitioners; (2) due process requires a pre-deprivation hearing; (3) the petitioners established a likelihood of success on the merits, or at least serious questions going to the merits, of their procedural due process claim; (4) in the absence of an injunction, the petitioners were likely to suffer irreparable harm in the form of unconstitutional deprivation of liberty; (5) the balance of equities tipped sharply in the petitioners' favor; and (6) the public interest favored an

3

injunction. *E.g.*, *Orozco Acosta v. Bondi*, No. 25-cv-09601-HSG, 2025 WL 3229097, at *2–5 (N.D. Cal. Nov. 19, 2025); *Caicedo Hinestroza v. Kaiser*, No. 25-cv-07559-JD, 2025 WL 3090767, at *1 (N.D. Cal. Nov. 5, 2025) (adopting reasoning from order granting temporary restraining order, 2025 WL 2606983, at *2–3); *Pablo Sequen v. Albarran*, ___ F. Supp. 3d ___, No. 25-cv-06487-PCP, 2025 WL 2935630, at *5–13 (N.D. Cal. Oct. 15, 2025); *Cardenas Castellanos v. Albarran*, No. 25-cv-07962-NW, ECF No. 17 at 11–18 (N.D. Cal. Oct. 14, 2025); *Cordero Pelico v. Kaiser*, No. 25-cv-07286-EMC, 2025 WL 2822876, at *5–17 (N.D. Cal. Oct. 3, 2025); *Valera Chuquillanqui v. Kaiser*, 25-cv-06320-TLT, ECF No. 26 at 9–18 (N.D. Cal. Oct. 2, 2025); *Valencia Zapata v. Kaiser*, ___ F. Supp. 3d ___, No. 25-cv-07492-RFL, 2025 WL 2741654, at *5–14 (N.D. Cal. Sept. 26, 2025); *Acosta Roa v. Albarran*, No. 25-cv-7802-RS, 2025 WL 2732923, at *5–6 (N.D. Cal. Sept. 25, 2025); *Jaraba Oliveros v. Kaiser*, No. 25-cv-07117-BLF, 2025 WL 2677125, at *2–11 (N.D. Cal. Sept. 18, 2025); *Salcedo Aceros v. Kaiser*, No. 25-cv-06924-EMC, 2025 WL 2637503, at *5–14 (N.D. Cal. Sept. 12, 2025); *Hernandez Nieves v. Kaiser*, No. 25-cv-06921-LB, 2025 WL 2533110, at *4–5 (N.D. Cal. Sept. 3, 2025); *Jimenez Garcia v. Kaiser*, 25-cv-06916-YGR, ECF No. 22 at 4–12 (N.D. Cal. Aug. 29, 2025); *Ortiz Calderon v. Kaiser*, No. 25-cv-06695-AMO, 2025 WL 2430609, at *2–5 (N.D. Cal. Aug. 22, 2025); *see also, e.g.*, *Aldana Serrano v. Albarran*, No. 25-cv-08408-EKL, 2025 WL 3197879, at *2–3 (N.D. Cal. Oct. 2, 2025) (granting temporary restraining order).

The vast majority of courts outside this district have reached the same conclusions. *E.g.*, *J.O.L.R. v. Wofford*, No. 1:25-cv-01241-KES-SKO (HC), 2025 WL 2908740, at *3–8 (E.D. Cal. Oct. 14, 2025) (granting preliminary injunction to petitioner in similar circumstances); *Rodriguez v. Bostock*, No. 3:25-cv-05240-TMC, ___ F. Supp. 3d ___, 2025 WL 2782499, at *27 (W.D. Wash. Sept. 30, 2025) (granting partial summary judgment after concluding that Section 1226(a) and not Section 1225(b)(2) governs detention of "noncitizens without lawful status . . . who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, [and] (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing"); *Beltran Barrera v. Tindall*, No. 3:25-cv-541-RGJ, 2025 WL 2690565 (W.D. Ky. Sept. 19, 2025)

4

1  (granting habeas petition to release petitioner after determining that Section 1226, and not Section
2  1225, governed petitioner's detention); *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL
3  2609425 (E.D. Mich. Sept. 9, 2025) (same); *Lopez Benitez v. Francis*, ___ F. Supp. 3d ___, No.
4  25 Civ. 5937 (DEH), 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025) (same); *Romero v. Hyde*, Civ.
5  Action No. 25-11631-BEM, ___ F. Supp. 3d ___, 2025 WL 2403827 (D. Mass. Aug. 19, 2025)
6  (same).

7  Respondents cite only two cases that have ruled in their favor by applying Section 1225(b):
8  *Pena v. Hyde*, Civ. Action No. 25-11983-NMG, 2025 WL 2108913 (D. Mass. July 28, 2025), and
9  *Sixtos Chavez v. Noem*, No. 3:25-cv-02325-CAB-SBC, ___ F. Supp. 3d ___, 2025 WL 2730228
10 (S.D. Cal. Sept. 24, 2025). The Court finds neither case persuasive. First, as other courts have
11 noted, *Pena* did not "analyz[e] the relationship between § 1225 and § 1226," *Guerrero Orellana v.*
12 *Moniz*, No. 25-cv-12664-PBS, 2025 WL 2809996, at *5 (D. Mass. Oct. 3, 2025), and instead
13 focused "on a different issue, the effect of an approved I-130 petition," such that "it is unclear
14 whether the *Pena* petitioner was similarly situated to the petitioners in . . . other cited cases,"
15 *Romero*, 2025 WL 2403827, at *1 n.1. Second, *Sixtos Chavez* addressed whether the petitioners
16 were "applicants for admission" under Section 1225 but not whether they were "applicants for
17 admission . . . *seeking admission*," which is the "statutory construction issue before this Court."
18 *Cordero Pelico*, 2025 WL 2822876, at *14 (emphasis in original). In addition, the *Sixtos Chavez*
19 "court's superfluity analysis also misses the mark," *id.*, because "the Government's interpretation
20 [of Section 1225(b)] would nullify" the Laken Riley Act amendment to Section 1226(c), *Salcedo*
21 *Aceros*, 2025 WL 2637503, at *10 (citation modified). *See also Alvarez Ortiz v. Freden*, ___ F.
22 Supp. 3d ___, No. 25-CV-960-LJV, 2025 WL 3085032, at *10 (W.D.N.Y. Nov. 4, 2025)
23 (concluding that "section 1225(b)(2) applies only to noncitizens actively 'seeking admission' at or
24 near the border or who have been paroled").

25 This Court now joins the overwhelming majority of courts in concluding that Petitioners'
26 detention is not governed by Section 1225(b), and that Petitioners have established a right to
27 preliminary injunctive relief based on their procedural due process claim.

28 In addition, Respondents have made no argument that Petitioners are either flight risks or

5

dangers to their communities, and the Court therefore follows *Valencia Zapata*, 2025 WL 2741654, at *11–12, in concluding that Petitioners have also demonstrated at least a serious question going to the merits of their substantive due process claim. As that court explained:

> In the absence of . . . evidence [demonstrating that Petitioners posed a danger to the community or a flight risk], subjecting Petitioners to civil immigration detention does not bear a reasonable relation to the statutory purposes motivating it. Such detention would lack a valid basis and violate Petitioners' right to be free from impermissible government custody.
>
> . . . Petitioners have already been determined not to be dangerous to the community or flight risks by immigration officials at the time of their initial release, and the undisputed evidence is that they continue not to be such risks. As such, Petitioners have demonstrated at least a serious question as to whether their detention would violate their substantive due process rights by failing to serve any valid purpose.

*Id.* at *12; *accord Leiva Flores v. Albarran*, No. 25-cv-09302-AMO, 2025 WL 3228306, at *5 (N.D. Cal. Nov. 19, 2025) ("Respondents have not argued that Leiva Flores's re-detention resulted from changed circumstances that show she is a flight risk or a danger to the community. Leiva Flores has therefore demonstrated at least a serious question as to whether her re-detention would violate her substantive due process rights by failing to serve a non-punitive purpose.").

Respondents argue that, "at any bond hearing, Petitioners should have the burden of demonstrating that they are *not* a flight risk or danger to the community." ECF No. 8 at 34 (emphasis in original). Petitioners failed to respond to this argument in their reply brief, but the Court is persuaded that the burden should remain on Respondents. Petitioners' "initial release reflected a determination by the government that [they are] not a danger to the community or a flight risk. Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention." *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *15 (E.D. Cal. Oct. 9, 2025) (citing *Garro Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034–35, 1037–38 (N.D. Cal. 2025)). Courts are split on whether the government must meet its burden by clear and convincing evidence, *e.g.*, *Pablo Sequen*, 2025 WL 2935630, at *13–14, or by a preponderance of the evidence, *e.g.*, *Valencia Zapata*, 2025 WL 2741654, at *13. The Court does not resolve that split

6

because, other than Respondents' asking that the burden be placed on Petitioners, the parties have not made any arguments or requested any relief regarding the burden of proof.

Respondents next argue that Petitioners are not entitled to an injunction prohibiting their transfer out of this district. The temporary restraining order prohibited Respondents from removing Petitioners from the United States, but it did not grant their request to bar transfer out of this district. 2025 WL 2689860, at *4 & n.1. Petitioners have raised no arguments as to why, if they are returned to custody, they must not be transferred outside this district, and the Court finds no reason to revisit the general duty judge's decision to deny such relief.

Finally, the Court considers whether Petitioners should be required to "give[] security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Respondents do not request the posting of any security and have "no plausible argument that [they] will be harmed by a bond hearing requirement. Accordingly, [the] Court finds that no security is required here." *Duong v. Kaiser*, ___ F. Supp. 3d ___, No. 25-cv-07598-JST, 2025 WL 2689266, at *9 (N.D. Cal. Sept. 19, 2025); *accord, e.g.*, *Jaraba Oliveros*, 2025 WL 2677125, at *10.

## CONCLUSION

For the above reasons, the Court enters preliminary injunctive relief in favor of Petitioners. Respondents are enjoined from re-detaining any Petitioner without notice and a pre-deprivation hearing before a neutral immigration judge at which the government establishes that re-detention is warranted because, based on changed circumstances, the Petitioner poses a danger to the community or a flight risk that can be mitigated only by detention. Respondents are also enjoined from removing any Petitioner from the United States. This order shall remain in effect until further order of the Court. No security is required.

/ / /

/ / /

/ / /

/ / /

/ / /

1   The parties shall meet and confer and, within 14 days of the date of this order, propose a
2 schedule for resolving the remainder of this case or a stipulation that the reasoning in this order
3 warrants granting the petition and entering judgment.
4   **IT IS SO ORDERED.**
5 Dated:  November 26, 2025



JON S. TIGAR
United States District Judge