UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIRLEY ADRIANA BAUTISTA PICO, et al.,

Petitioners,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. 25-cv-08002-JST

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF No. 2

Petitioners Mirley Adriana Bautista Pico, Bingbing Mei, Heriberto Mosquera Sanchez, Marlon Antonio Sieza Mendoza, and Harbans Singh each fled their home countries and entered the United States between December 2023 and April 2024. They were each apprehended at the border and released into the community. None has a criminal history, and all applied for asylum, withholding of removal, and protection under the Convention Against Torture.

On September 19, 2025, United States Department of Homeland Security ("DHS") agents arrested all of them at the courthouse after they appeared for in-person hearings before an immigration judge in San Francisco. They filed a habeas petition and an amended petition later the same day, as well as a motion for a temporary restraining order. ECF Nos. 1–3.

The Court granted a temporary restraining order, ECF No. 5, and subsequently entered a preliminary injunction, ECF No. 15. Respondents are currently "enjoined from re-detaining any Petitioner without notice and a pre-deprivation hearing before a neutral immigration judge at which the government establishes that re-detention is warranted because, based on changed circumstances, the Petitioner poses a danger to the community or a flight risk that can be mitigated only by detention," and also "from removing any Petitioner from the United States." *Id.* at 7. The Court concluded "that Petitioners' detention is not governed by [8 U.S.C. § 1225(b)], and that

Petitioners have established a right to preliminary injunctive relief based on their procedural due process claim," as well as on their substantive due process claim. *Id.* at 3–6.

While this case has been pending, the immigration judge granted DHS's motions to dismiss Petitioners' removal proceedings without prejudice. Bautista Pico, Mosquera Sanchez, and Sieza Mendoza appealed the dismissal of their cases, and those appeals remain pending before the Board of Immigration Appeals. Mei and Singh did not appeal the dismissal of their cases, and the time to do so has expired.

Respondents "acknowledge that the reasoning in this Court's earlier decision in this case would control the result here if the Court adheres to that decision." ECF No. 21 at 10. The Court does so, finding no reason to reach a contrary result. In addition to the authorities relied on in the Court's preliminary injunction order, the Ninth Circuit has now confirmed that the Court's interpretation of the law is correct. In *Rodriguez Vazquez v. Bostock*, ___ F.4th ___, 2026 WL 2196424, at *26 (9th Cir. July 30, 2026), the court concluded that individuals like Petitioners, who have not yet been admitted to the United States but are "present in the interior of the country," are subject to 8 U.S.C. § 1226, and not Section 1225(b). Thus, Petitioners are "subject to mandatory detention if they commit qualifying criminal offenses, and they may be denied bond and held pending their removal proceedings if they pose flight risks or dangers to the community." *Id.* at *3. The Court affirms the findings and conclusions in its preliminary injunctive relief order and now grants habeas relief to Petitioners.

The parties' briefing raises two remaining issues to be resolved. First, the claims of Mei and Singh are not moot. Although their removal proceedings have been dismissed, and Respondents assert that "DHS can no longer assert any detention authority over them," ECF No. 21 at 7, Respondents have presented no evidence or any assurance that Mei and Singh would not be re-detained absent the relief they seek in this case. They were released only because the Court ordered that to happen, and Respondents have not met their "heavy burden" to demonstrate that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).

United States District Court
Northern District of California

2

Second, Respondents request that the Court limit any relief "to permit the execution of a future final order of removal." ECF No. 21 at 11. As Petitioners acknowledge, the Court's grant of habeas relief would not bar detention of any Petitioner who becomes subject to a final removal order. *See* 8 U.S.C. § 1231(a)(2)(A); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (discussing limits on detention of individuals subject to final removal orders).

For the above reasons, the petition for writ of habeas corpus is granted. Respondents may not re-detain any Petitioner without notice and a pre-deprivation hearing before a neutral immigration judge at which the government establishes that re-detention is warranted because, based on changed circumstances, the Petitioner poses a danger to the community or a flight risk that can be mitigated only by detention. This order does not prevent Respondents from executing a final order of removal, should one be entered against any Petitioner.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: August 3, 2026



JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

3